June Term,<br>1860.<br><br>HOWARD et al.<br>v.<br>BOORMAN.

---

## HOWARD and another vs. BOORMAN.

Sec. 32, chap. 140, R. S., 1858, providing " that the time within which any proceeding in an action must be had after its commencement, (except the time within which an appeal must be taken), may be enlarged upon an affidavit showing grounds therefor, by a judge of the court, or court commissioner, or by a county judge," has reference not only to the time fixed by statute for answering, but also to the time fixed by an order of the court, or court commissioner, or county judge, for the same purpose, *after* the statutory period had already expired.

APPEAL from the Circuit Court for *Jefferson* County. The case is stated in the opinion of the court.

*Enos, Hall & Mulberger*, for appellant, cited, as to the power of the county judge to enlarge the time to answer, *Adams vs. Sage*, 13 How. Pr. R., 18; Howard's Code, 622, note 3, and 624, note 6. Even if irregularly obtained, the order could not be treated as a nullity. *Cudderbach vs. Faneley*, 2 Wend., 624; *Jackson vs. Jackson*, 3 Cow., 73; *Gould vs. Root*, 4 Hill, 554; *Osgood vs. Joslin*, 3 Paige, 195; *Hempstead vs. Hempstead*, 7 How. Pr. R., 8; *Harris vs. Clark*, 10 id., 415.

*Gill, Barber & Fribert*, for respondents, contended that the order of the county judge was a nullity, because he had no jurisdiction to grant it. *Spencer vs. Barber*, 5 Hill, 570.

**124** CASES IN THE SUPREME COURT

*By the Court*, DIXON, C. J. This is an appeal from an order of the circuit court of Jefferson county, refusing to set aside and vacate a judgment which had been entered in favor of the respondents, and to allow the appellant to put in his answer. The action is upon a promissory note. The appellants demurred to the complaint, and the demurrer having been heard at the February term, 1859, was overruled, with leave to the appellant to answer within thirty days, upon payment of ten dollars costs to the respondents' attorneys. Within the thirty days and shortly before the time for answering would have expired, the appellant, upon affidavit showing the unexpected absence from the state of one of his attorneys, upon whom he principally relied to prepare his defense, and who was alleged to be most familiar with the facts, and showing also that he was not likely to return before the expiration of such time, applied to the county judge of Jefferson county for an order extending the time to answer for the further period of twenty days. The order was granted, and a copy of it, together with a copy of the affidavit upon which it was founded, was at once, and within the thirty days, served upon the attorneys for the respondents. The ten dollars costs were at the same time paid to them. Within the time as extended the answer was made, and a copy duly served. The copy served was returned the next day after service, with a notice indorsed thereon, that it was so returned for the reason that it was not served within the time originally allowed by the court. Subsequently the respondents took judgment as for want of an answer, for the amount of damages claimed in the complaint. It is the judgment thus taken which the appellant moved to set aside. It is claimed that the judgment was irregularly entered, and the motion is likewise accompanied by an affidavit showing that the appellant has a defense upon the merits.

The question of irregularity depends entirely upon the construction to be given to section 32 of chapter 140 of the Revised Statutes. That section provides that "the time within which any proceeding in an action must be had after its commencement, except the time within which an appeal must be taken, may be enlarged upon an affidavit showing

June Term, 1860.

grounds therefor, by a judge of the court, or court commissioner, or by a county judge." That the putting in of an answer was a proceeding in an action after its commencement is not denied; but a distinction is sought between the time fixed by statute for answering after the service of the summons, or summons and complaint, and the time fixed by an order of the court, or court commissioner, or county judge, for the same purpose, when the statutory period has already expired. It is insisted that the time here mentioned must be understood to mean the time as prescribed by statute, and not the *time in which* the particular proceeding concerning which the application is made, is to be had, as it may have been prescribed by a court or judge. We cannot adopt this view. It appears to us that the language is broad enough to cover both cases, and that both are within the intention of the legislature. We think that the time here spoken of means the time within which the act, concerning which delay is sought, is *then* to be performed, and it matters not by what authority it was fixed, provided it was lawfully so done. There is quite as much necessity for the existence and exercise of the power by judges, commissioners and county judges, in the one class of cases as in the other. The language extends the authority to both, and we cannot exclude either.

It follows that the judgment was irregularly entered, and the order of the circuit court must be reversed, and the cause remanded for further proceedings.